### SMITH v. LUCAS et al.
### No. 14896.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Carl A. Conrad, of New Orleans, for appellant.

Porteous, Johnson & Humphrey and Julian B. Humphrey, all of New Orleans, for appellees.

LECHE, Judge.

Plaintiff, Eliza Moore Smith, filed this suit for damages against Marc Lucas, Jr., and Sam White for alleged injuries sustained by her on or about August 12, 1933, while occupying, as lessee, the premises, No. 1126 Teche street. From a judgment in favor of defendants, she has appealed.

It appears that defendant Sam White owned a store building situated on the corner of Teche and De Armas streets in Algiers. The premises known as 1126 Teche were immediately in the rear of this store. On June 10, 1933, Marc Lucas, Jr., signed a written agreement to purchase the property and made a deposit of $200. He operated a small business in the store for several months and, by reason of a bank failure, was unable to carry out his agreement to purchase, forfeited his $200, and moved out. For the two months preceding his removal he paid rent to Sam White. The property known as 1126 Teche street consisted of a dilapidated shack or cabin which was practically falling to pieces by reason of age and decay. Plaintiff and her family were poverty-stricken colored people living from hand to mouth. They moved into this wreck of a dwelling without any authorization whatsoever and in the face of a warning as to its dangerous condition. Plaintiff, herself, accurately described its decrepitude which she fully realized before moving in. There was absolutely no relationship of landlord and tenant between defendants and plaintiff and, even if such relationship existed, plaintiff was guilty of such contributory negligence as would bar her recovery. In his reasons for judgment the learned trial judge said:

"I believe the defendants in this case and I believe that the plaintiff and her husband were warned that these premises was simply an old wreck and dangerous to live in. But I don't need their testimony. The woman, herself, testified that the house was a mere wreck and she went under it and saw all the sills wore rotten and she knew the place was dangerous and when they went into that place without the consent of the owner, and he, out of mere charity, allowed them to stay in that wreck of a house, they assumed all the risks and it was contributory negligence for them to move in that house and live in it, in the condition it was in."

The record fully bears him out and, consequently, the judgment appealed from is affirmed.

Affirmed.